UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-CR-10459-RWZ-13

UNITED STATES OF AMERICA

v.

VINCENT DZIERWINSKI

ORDER

January 28, 2021

ZOBEL, S.D.J.

Defendant is charged in an indictment with conspiracy to conduct enterprise affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). He moves to revoke or amend the Magistrate Judge's detention order. Docket # 1499. In conducting a de novo review, the District Court "may reject the magistrate judge's fact finding and start the hearing anew or may accept the findings of fact made by the magistrate and hear additional facts and argument." United States v. Oliveira, 238 F. Supp. 3d 165, 167 (D. Mass. 2017).

A defendant may be detained only if there exists "no condition or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).[1] The

---

[1] Defendant argues that the Court must also find that a 18 U.S.C. § 3142(f) factor applies to order detention. At least two § 3142(f) factors exist here: (1) 18 U.S.C. § 3142(f)(1)(D), because the defendant is charged with a felony and has been convicted of two offenses described within § 3142(f)(1)(A) through (C) and (2) 18 U.S.C. § 3142(f)(1)(E), because the defendant is charged in Count One with a felony that involves the possession or use of a dangerous weapon.

1

government must prove dangerousness by clear and convincing evidence. See 18 U.S.C. § 3142(f).

At the detention hearing, the government presented video, photographic, and documentary evidence showing that defendant, while incarcerated at Souza-Baranowski Correctional Center, participated as a member of the Latin Kings in three violent attacks on other prisoners. He does not dispute his involvement in these acts. He instead argues that prison violence is insufficient evidence of danger to the community. He also asserts that he joined the Latin Kings while incarcerated at the super-maximum security prison as a means of protecting himself. He states that he has since disavowed his affiliation with the group and therefore does not pose a risk of obstruction of justice. Defendant's criminal history, however, includes convictions for armed robbery, assault and battery with a dangerous weapon, and intimidation, offenses committed outside a carceral setting. While in prison, aside from the instant charges, defendant was charged with and convicted of threatening murder. The undisputed facts and criminal history support the Magistrate Judge's finding that defendant has a record of violence that strongly suggest that no condition or combination of conditions would reasonably assure the safety of witnesses or the community if he were released.

The motion to revoke the detention order (Docket # 1499) is DENIED.

\_\_\_January 28, 2021\_\_\_
DATE

\_\_\_/s/ Rya W. Zobel\_\_\_
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE